UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                            CIVIL ACTION

**OTIS LAIN AND ESTELLA LAIN**                      No. 11-771

                                                                                                                       SECTION I

## ORDER AND REASONS

Before the Court is an appeal of a judgment of the U.S. Bankruptcy Court filed by appellant, Ronald J. Hof, trustee for the bankrupt estate of Otis Lain and Estella Lain (the "Lains"). Appellee, Latter & Blum, Inc. ("Latter & Blum"), has filed a response. For the following reasons, the matter is **REMANDED** to the U.S. Bankruptcy Court for further articulation of its reasoning.

### *BACKGROUND*

The parties do not dispute the facts underlying the issues before the Court. In 2007, Latter & Blum and the Lains entered into a contract which granted Latter & Blum the right to act as the Lains' exclusive agent for the sale of property located at 2800 Old Spanish Trail in Slidell, LA (the "property").[1] The contract guaranteed Latter & Blum a commission of six percent of the sale price of the property in the event that it or any other party negotiated the sale of the property

---

[1] 2:10-ap-1080 Doc. No. 23, Exhibit 2.

within the term of the contract.[2] The property was eventually sold independently by the Lains during the term of the contract without the knowledge of Latter & Blum.[3]

On January 13, 2009, the Lains filed a voluntary petition for bankruptcy pursuant to Chapter 7 of Title 11, United States Code.[4] On March 30, 2009, Latter & Blum filed a proof of claim in the Lains' Chapter 7 case in the amount of $46,920.00 for their commission on the sale of the property. After a proceeding held before the U.S. Bankruptcy Court, the U.S. Bankruptcy Court found that Latter & Blum were indeed entitled to $46,920.00 in commission arising out of the contract.[5] In addition, the U.S. Bankruptcy Court ruled that Latter & Blum was entitled to a special privilege for the commission pursuant to LSA-R.S. 9:2781.1.[6] The U.S. Bankruptcy Court also awarded attorney's fees in favor of Latter & Blum in the amount of $7,001.60.[7]

On appeal, appellant no longer disputes that Latter & Blum is entitled to the commission based on a contractual duty; rather, appellant disputes the U.S. Bankruptcy Court's ruling that Latter & Blum is entitled to a special privilege for the commission pursuant to LSA-R.S. 9:2781.1 and the award of attorney's fees.

## *LAW AND ANALYSIS*

Pursuant to 28 U.S.C. § 158(a)(1), which states that "the District Courts of the United States shall have jurisdiction to hear appeals … from interlocutory orders and decrees, of

---

[2] *Id.*
[3] 2:10-ap-1080 Doc. No. 25.
[4] 2:09-bk-10085 Doc. No. 1.
[5] 2:10-ap-1080 Doc. No. 25, p.43.
[6] *Id.* at p.45. LSA-R.S. 9:2781.1 states that "[a] special privilege affecting the interest of the person with whom he has contracted is hereby granted to a licensed real estate broker for the amount of his commission on all commercial real estate for which he negotiates the sale…." LSA-R.S. 9:2781.1.A. Further, the statute requires the filing of notice of broker privilege up to five days prior to the sale in the parish in which the property is located and that notice also be given to the purchaser by certified mail up to five days prior to the date of the sale. LSA-R.S. 9:2781.1.C.
[7] R. Doc. No. 1-1, p.2.

bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges…," this Court has jurisdiction to hear this bankruptcy appeal. 28 U.S.C. § 158(a)(1); *see also In re Crescent City Capital Dev. Corp.*, No. 96-3173, 1997 WL 90976, at *1 (E.D. La. Feb. 28, 1997). The District Court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings." Bankr. R. 8013.

Federal Rule of Bankruptcy 7052, which cites Federal Rule of Civil Procedure 52, requires that in adversary proceedings, the bankruptcy court must "find the facts specially and state its conclusions of law separately." *See* Bankr. R. 7052; Fed. R. Civ. P. 52(a). If the court has failed to provide this necessary information, the appellate court has "little opportunity for effective review" and remand for further articulation of the lower court's reasoning is appropriate. *See Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984) (remand appropriate where lower court's reasoning is vague or simply left unsaid); *Thule Drilling ASA v. Schimberg*, 290 Fed. Appx. 745, 747 (5th Cir. 2008) (remand appropriate where the appellate court was "uncertain about the rationale for the [lower] court's decision"); *Preferred Mut. Ins. Co. v. Dumas*, 905 F.2d 1538 (6th Cir. 1990) (the appellate court "cannot perform a *de novo* review of the trial court's application of the law…unless we are advised what the court's reasoning was and how the…statute was applied to the facts found.").

Appellant raises three issues on appeal.[8] First, appellant argues that Louisiana law requires a strict interpretation of statutes granting special privilege and, therefore, because LSA-R.S. 9:2781.1.C specifies that the privilege applies to the party who negotiates the sale, Latter & Blum is not entitled to the privilege since it did not negotiate the sale. Second, appellant argues that Latter & Blum did not perfect its broker's privilege because it did not provide notification to the purchaser five days prior to the sale, as required by LSA-R.S. 9:2781.1.C. Third, appellant

---

[8] R. Doc. No. 1, p.1.

argues that Latter & Blum is not entitled to attorney's fees because it is an unsecured creditor in the bankruptcy proceeding.

Ruling that Latter & Blum was entitled to the special privilege, the U.S. Bankruptcy Court noted that the contract granted Latter & Blum exclusive negotiating rights. Presumably, the U.S. Bankruptcy Court concluded that because Latter & Blum was contractually given the exclusive right to both market and negotiate a sale, it qualified as the negotiating party for the purposes of LSA-R.S. 9:2781.1. However, other than ordering that "they have a privilege," the U.S. Bankruptcy Court did not provide any explanation for its ruling that Latter & Blum fulfilled the requirements for a special privilege set forth in LSA-R.S. 9:2781.1.

The Court finds that the judgment of the U.S. Bankruptcy Court is inadequate for review because the U.S. Bankruptcy Court did not state its reasoning for its determination that Latter & Blum fulfilled the "negotiation" and "notification" requirements of LSA-R.S. 8:2781.1. In addition, the U.S. Bankruptcy Court did not specify on what basis it was awarding attorney's fees. The Court remands this matter to the U.S. Bankruptcy Court so that the U.S. Bankruptcy Court may provide an explanation of its reasoning on the following issues:

1. Can the contract's designation of Latter & Blum as having exclusive negotiation rights be construed to mean that it has negotiated the sale for the purposes of LSA-R.S. 9:2781.1.A?

2. How should the court interpret the requirement of LSA-R.S. 9:2781.1.C in a situation where the party claiming a special privilege was not aware of the sale of the property and, therefore, could not notify the purchaser?

3. Was Latter & Blum awarded attorney's fees on a contractual or statutory basis?

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that this matter is **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Louisiana for further explanation of its reasoning for its legal conclusions on the aforementioned issues.

New Orleans, Louisiana, July 28, 2011.

*[signature]*

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**